UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-00175-FDW

| OWEN D. LEAVITT, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| J. JAMES, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon Owen D. Leavitt's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court are Petitioner's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2) and motion to vacate his punishment obligation (Doc. No. 7).

After reviewing the IFP Motion and a printed summary of Petitioner's trust account balance (Doc. No. 3), the Court is satisfied Petitioner did not have sufficient funds to pay the filing fee when he filed his habeas Petition. Therefore, the Court shall grant the IFP Motion.

I.      BACKGROUND

On May 8, 2012, Petitioner was found guilty of malicious conduct by a prisoner after a trial by jury in the Superior Court of Alexander County. (Pet. 1-2, Doc. No. 1.)[1] Petitioner was given a sentence of 20 to 24 months imprisonment to be served at the conclusion of the sentence he was serving at the time of his trial. Leavitt v. Joyner, No. 5:15-cv-00038–FDW, 2015 WL

---

[1] Page numbers in citations to documents filed in this case are those generated by the district court's electronic filing system.

1

7431396, at * 1 (W.D.N.C. Nov. 20, 2015).

After seeking appellate and post-conviction review in the state courts, Petitioner filed a pro se petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this Court on March 2, 2015. Id. In it, he challenged his 2012 judgment for malicious conduct by a prisoner. Id. The Court dismissed the habeas petition as untimely. Id. at *4.

Petitioner filed the instant § 2254 habeas Petition on May 14, 2018, in the United States District Court for the Eastern District of North Carolina. (Doc. No. 1.) He again challenges his 2012 judgment for malicious conduct by a prisoner. (Doc. No. 1 at 1, 5-8.) On August 14, 2018, Petitioner filed a Motion to vacate his remaining punishment obligation on humanitarian grounds. (Doc. No. 7.) On October 22, 2018, the Eastern District transferred the entire action to this Court, where venue is proper. (Doc. No. 11.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. The Petition shall be dismissed because it is Petitioner's second challenging his 2012 judgment for malicious conduct by a prisoner, and he has not received authorization from the Fourth Circuit Court of Appeals to file a successive habeas petition challenging that judgment. See 28 U.S.C. § 2244(b)(3)(A).

## III. DISCUSSION

Section 2244(b)(3) of Title 28 of the United States Code expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner

generally may not file another habeas petition challenging the same state criminal judgment unless he has obtained permission to do so from the appropriate federal court of appeals. See § 2244(b)(3)(A). If the prisoner files a subsequent habeas petition without authorization from the appropriate federal court of appeals, the district court is required to dismiss the petition without considering its merits. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

As demonstrated, Petitioner has previously challenged his 2012 criminal judgment by way of a § 2254 petition, which this Court dismissed as untimely. Leavitt, No. 5:15-cv-00038-FDW, 2015 WL 7431396, at * 4. Petitioner has not demonstrated that he has sought or received authorization from the Fourth Circuit Court of Appeals to file a second or successive habeas petition challenging his 2012 judgment. See § 2244(b)(3)(A). Consequently, the Court does not have jurisdiction to consider the instant habeas Petition, and it must be dismissed. See Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205.

As for Petitioner's Motion to vacate his remaining punishment obligation, North Carolina Department of Public Safety ("NCDPS") records show Petitioner was released from NCDPS custody on November 6, 2018. NCDPS Offender Public Information, https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view (search Owen D. Leavitt, last reviewed March 31, 2019). Thus, assuming the Court has the authority to grant Petitioner's motion, the motion is now moot and shall be denied as such.

generally may not file another habeas petition challenging the same state criminal judgment unless he has obtained permission to do so from the appropriate federal court of appeals. See § 2244(b)(3)(A). If the prisoner files a subsequent habeas petition without authorization from the appropriate federal court of appeals, the district court is required to dismiss the petition without considering its merits. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

As demonstrated, Petitioner has previously challenged his 2012 criminal judgment by way of a § 2254 petition, which this Court dismissed as untimely. Leavitt, No. 5:15-cv-00038-FDW, 2015 WL 7431396, at * 4. Petitioner has not demonstrated that he has sought or received authorization from the Fourth Circuit Court of Appeals to file a second or successive habeas petition challenging his 2012 judgment. See § 2244(b)(3)(A). Consequently, the Court does not have jurisdiction to consider the instant habeas Petition, and it must be dismissed. See Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205.

As for Petitioner's Motion to vacate his remaining punishment obligation, North Carolina Department of Public Safety ("NCDPS") records show Petitioner was released from NCDPS custody on November 6, 2018. NCDPS Offender Public Information, https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view (search Owen D. Leavitt, last reviewed March 31, 2019). Thus, assuming the Court has the authority to grant Petitioner's motion, the motion is now moot and shall be denied as such.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** without prejudice as an unauthorized, successive habeas petition, see 28 U.S.C. § 2244(b)(3);

2. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED**;

3. Petitioner's Motion to vacate his punishment obligation (Doc. No. 7) is **DENIED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 30, 2019

*[Signature]*
Frank D. Whitney
Chief United States District Judge